In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00331-CV
_____


IN RE MARK CAHILL

Original Proceeding
Probate Court No. 1 of Montgomery County, Texas
Trial Cause No. 12-29187-P

MEMORANDUM OPINION

In a petition for a writ of mandamus, Relator Mark Cahill contends the trial court abused its discretion by ordering Cahill to return seized funds to his judgment debtor, Real Party in Interest Caroldene Cahill. Mark argues Caroldene failed to provide any credible, admissible, or legally sufficient evidence to support her claimed property exemption. He contends he lacks an adequate remedy by appeal because the funds will be permanently lost before any appeal can be heard. We temporarily stayed the trial court's enforcement of the trial court's Order on Creditor's Motion to Retain Funds while we considered the petition, and we obtained

1

a response from the Real Party in Interest and a reporter's record of the August 29, 2025, hearing. We deny the petition for a writ of mandamus.

## Background

In 2020, Mark and the Successor Dependent Administratrix of the Estate of Aletha Wolf obtained a judgment against Caroldene, the former Independent Executrix of the Estate. *See Cahill v. Cahill*, No. 09-20-00206-CV, 2022 WL 318452, at *4 (Tex. App.—Beaumont Feb. 3, 2022, pet. denied) (mem. op.).[1] On February 5, 2025, the trial court signed an Amended Turnover Order. In the order, the trial court ordered Caroldene and any third party in possession of the judgment debtor's property to turn over nonexempt property to Mark. The order provided that if Caroldene asserted an exemption, Mark could only disburse or sell property with Caroldene's written consent or with a court order.

On June 13, 2025, Caroldene filed a Protected Property Claim Form with the Montgomery County Clerk. Caroldene claimed, "Some of my money or property has been frozen or taken. It is protected and should be returned to me because it is: . . . Tax-deferred retirement accounts, like 401(k) and IRA accounts." She requested a hearing and asked that the money or property be returned to her. The mandamus

---

[1]The distribution of assets and closing of the estate is the subject of Appeal Number 09-25-00167-CV, *In the Estate of Aletha Cahill Wolf*.

record contains an Account Statement dated May 1-31, 2025, for a Contributory IRA of Caroldene M. Cahill.

On June 17, 2025, Mark filed a Creditor's Motion to Retain Funds. Mark alleged Caroldene had failed to provide verifiable documentation substantiating the existence of a 401(k) or an IRA account, and she had failed to demonstrate the source of the funds.

After extending the Turnover Order on July 30, 2025, on August 13, 2025, the trial court vacated its order extending the Amended Turnover Order.

On August 25, 2025, Mark filed a Creditor's Objection to Debtor's Claim of Exempt Property and Motion to Strike Debtor's Sworn Statements. Mark argued that under Texas Rule of Civil Procedure 193.6 the documents offered by Caroldene are inadmissible due to her failure to disclose them. Mark argued Caroldene failed to trace the funds to a protected source and failed to provide evidence that the funds are held in a tax-qualified account.

On August 29, 2025, the trial court held a hearing attended by Mark and Caroldene, with both appearing pro se. Caroldene stated that she had a 401(k) that she rolled into an IRA when she left her job, "and it's been in an IRA ever since." Mark argued the Contributory IRA statement was inadmissible because Caroldene failed to include it in an initial disclosure under Texas Rule of Civil Procedure 194.2.

3

Mark argued that proof the funds in the Contributory IRA Account were exempt required a year-by-year paper trail tracing the funds to a tax-exempt source.

On August 29, 2025, the trial court denied Mark's Creditor's Motion to Retain Funds and ordered Mark to return the funds taken from Caroldene's IRA Contributory Account by September 7, 2025.

Mandamus Review

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

The cases Cahill cites to support his mandamus petition are distinguishable from the issue presented here. In *Beaumont Bank, N. A. v. Buller*, the administrator of her deceased husband's estate was a person in possession of the judgment debtor's

4

non-exempt property. 806 S.W.2d 223, 226 (Tex. 1991). She transferred the funds to her lawyer's trust account, and she admitted to personally authorizing the transfers from the lawyer's trust account for the express purpose of thwarting the seizure of the "C.D. monies" by Beaumont Bank. *Id* at 225. Over a two-year period, the lawyer disbursed a total of $103,661.24 pursuant to Buller's instructions. *Id*. The Supreme Court held the trial court acted within its discretion when it disbelieved Buller's unsubstantiated claim that she had spent all the cash she received from the $100,000 certificate of deposit that was directly traceable to her in her representative capacity and that $250,000 she deposited in an account in the Cayman Islands were proceeds from an unspecified life insurance policy. *Id.* at 225-26. Here, the trial court believed Caroldene when she stated the account was an IRA account.

Mark cites *Jones v. American Airlines, Inc.* to support his argument that Caroldene failed to meet her burden of proof that the funds in her IRA account were a direct rollover of exempt 401(k) funds that had not been comingled with non-exempt funds. *See* 131 S.W.3d 261, 270 (Tex. App.—Fort Worth 2004, no pet.). In *Jones*, the administrator for the employer of Jones's ex-husband mistakenly paid Jones funds she was not entitled to under the QDRO. *Id.* at 268. After obtaining a judgment against Jones in federal court, the employer applied for a turnover order in state court. *Id*. at 264. In the trial court Jones conceded she knew the overpayment

5

did not belong to her and that she was obligated to pay American Airlines in accordance with the federal court's judgment. *Id.* at 270. The trial court required Jones to turn over the funds to the registry of the court. *Id*. at 264. On appeal, Jones argued the funds she had rolled over from her ex-husband's retirement account to her IRA accounts were exempt from seizure pursuant to section 41.0021 of the Texas Property Code. *Id*. at 269. The appellate court affirmed the trial court's turnover order. *Id.* at 263. The appellate court held Jones failed to prove the funds were exempt because the funds were not an eligible rollover distribution qualifying as a nontaxable rollover contribution and thus were excess contributions that were not exempt from seizure under the exemption in section 42.0021 then in effect. *Id*. at 265-66, 270.

Section 42.0021 provides that "qualified savings plan" includes an individual retirement account. *See* Tex. Prop. Code Ann. § 42.0021(a)(4). A person's interest in a qualified savings plan is exempt from seizure for the satisfaction of debts. *Id*. § 42.0021(b). The trial court believed Caroldene's statements about the origin of her Contributory IRA. "With respect to resolution of factual issues . . . the reviewing court may not substitute its judgment for that of the trial court." *Walker*, 827 S.W.2d at 839.

We conclude that the relator has not established a clear abuse of discretion by the trial court. Accordingly, we lift our stay order of September 6, 2025, and we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8.

PETITION DENIED.

PER CURIAM

Submitted on September 24, 2025
Opinion Delivered October 30, 2025

Before Golemon, C.J., Johnson and Wright, JJ.